**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-22502-KMM

MINISTERIOS EL CAMINO,

    Plaintiff,
vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** came before the Court upon Defendant's Motion to Tax Costs ("Motion") (ECF No. 22). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge, for a Report and Recommendation (ECF No. 23). Having carefully reviewed Defendant's filings, the record, and being otherwise fully advised on the premises, the undersigned recommends that Defendant's Motion be **GRANTED**, for the reasons set forth below.

**I.  BACKGROUND**

On April 27, 2021, Plaintiff filed this case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting a single claim for breach of contract under an insurance policy. Plaintiff's claim arises from property Plaintiff owned that was insured by Defendant, which was damaged during Hurricane Irma. Plaintiff alleged that it submitted a claim to Defendant but did not receive payment for all of the alleged damage.

On July 13, 2021, Defendant removed the case to federal court. *See generally* (ECF No.1). Defendant filed a Motion for Summary Judgment (ECF No. 17), which the Court granted in Defendant's favor, finding that no genuine issue of material fact exists as to whether Plaintiff failed to promptly notify Defendant of the alleged loss, as required by the Policy, thus giving rise to a presumption of prejudice. Defendant now moves for an Order taxing costs against Plaintiff in the amount of $822.00.

The certificate of conferral pursuant to Local Rule 7.1(a)(3) by Defendant states that the Parties were unable to resolve the dispute (ECF No. 22 at 4). Plaintiff filed no response to Defendant's Motion, and the time to do so has long since passed. *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.").

**II.    DISCUSSION**

Defendant filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54, Southern District of Florida Local Rule 7.3(c), and 28 U.S.C. § 1920 (ECF No. 22-1). The Bill of Costs seeks a total of $822.00, which includes: $402.00 for fees of the clerk and $420.00 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. This Court entered summary judgment in favor of Defendant against Plaintiff. Therefore, Defendant is the prevailing party and is entitled to recuperate costs associated with this litigation under Rule 54(d) and § 1920. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995).

Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and

the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Defendant is entitled to the full amount requested for fees of the clerk under 28 U.S.C. §1920. Defendant submitted invoices showing the costs incurred (ECF No. 22-1). Plaintiff raises no objections. Accordingly, the undersigned recommends that Defendant be awarded $402.00 for fees of the clerk.

Defendant seeks a total of $420.00 in transcript and reporter fees. The invoices attached to the Bill of Costs indicate Defendant seeks $195.00 in connection with the deposition of Plaintiff's loss consultant, Joshua Gamboa, and $225.00 in connection with the transcript of the necessary deposition of Plaintiff's corporate representative, Athala Jaramillo.

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). Plaintiff has filed no challenge to the transcript costs for depositions. Accordingly, the undersigned recommends an award of $420.00 in transcript and reporter fees.

### III.    RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion to Tax Costs (ECF No. 22) be **GRANTED**, and that Defendant be awarded a total of $822.00 in costs.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the

Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 25th day of July, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE