UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22502-KMM

MINISTERIOS EL CAMINO,

    Plaintiff,
vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon Defendant's Motion For Attorney's Fees and Costs and Motion For Costs Not Recoverable Under 28 U.S.C. § 1920 But Recoverable Under Fla. Stat. § 768.79 ("Motion") (ECF No. 24). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge, for a Report and Recommendation (ECF No. 25). Having carefully reviewed Defendant's filings, the record, and being otherwise fully advised on the premises, the undersigned recommends that Defendant's Motion be **GRANTED in part, and DENIED in part**, for the reasons set forth below.

    **I.**    **BACKGROUND**

On April 27, 2021, Plaintiff filed this case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting a single claim for breach of contract under an insurance policy. Plaintiff's claim arises from property Plaintiff owned that was insured

by Defendant, which was damaged during Hurricane Irma. Plaintiff alleged that it submitted a claim to Defendant but did not receive payment for all of the alleged damage.

On July 13, 2021, Defendant removed the case to federal court. *See generally* (ECF No.1). Defendant filed a Motion for Summary Judgment (ECF No. 17), which the Court granted (ECF No. 20), finding that no genuine issue of material fact exists as to whether Plaintiff failed to promptly notify Defendant of the alleged loss, as required by the Policy, thus giving rise to a presumption of prejudice. Defendant filed this Motion seeking $5,173.00 in attorney's fees and $450.00 in non-taxable costs. Defendant claims entitlement to fees and costs incurred after it served Plaintiff with a proposal for settlement, which Plaintiff did not accept.

The certificate of conferral pursuant to Local Rule 7.1(a)(3) by Defendant states that despite conferring with Plaintiff's counsel, the Parties were unable to resolve the issues raised in the instant Motion (ECF No. 24 at 11). Plaintiff filed no response to Defendant's Motion, and the time to do so has long since passed. *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.").

## II. DISCUSSION

Because this is an action sounding in diversity, Florida's substantive offer of judgment statute, § 768.79 Fla. Stat., and the settlement proposal guidance set forth in Fla. R. Civ. P. 1.442 determine whether Defendant is entitled to an award of reasonable attorney's fees incurred since the December 23, 2021, rejected offer of judgment. *Espinoza v. Target Corp.*, No. 9:19-CV-81108, 2021 WL 3550780, at *1 (S.D. Fla. Aug. 11, 2021) (citing *McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002)).

### a. Entitlement

In civil actions for damages, as here, § 768.79 provides that where a "defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees ... from the date of filing of the offer if the judgment is one of no liability...." § 768.79(1), Fla. Stat.; *see also B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506 (11th Cir. 2021) ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'") (citations omitted).

Rule 1.442 governs offers of judgment made under Fla. Stat. § 768.79. Although Rule 1.442 is a procedural rule, the Eleventh Circuit has held that Rule 1.442 has substantive aspects that must be followed in cases where claims based upon Florida law are brought in federal court under diversity jurisdiction. *Horowitch v. Diamond Aircraft Indus.*, Inc., 645 F.3d 1254, 1258 (11th Cir. 2011) (holding that Fla. R. Civ. P. 1.442(c)(2)(f) is substantive as a matter of precedent and application of the rule is necessary to the result of the case).

Defendant argues the final judgment in this action is one of no liability following the Court's grant of summary judgment in Defendant's favor, and the offer of judgment appears to have been made both in compliance with Florida law and in good faith.[1] Moreover, Plaintiff filed no response asserting that the offer of judgment failed to comply with § 768.79 or was otherwise invalid. Thus, Defendant has satisfied the elements of § 768.79.

---

[1] Defendant attaches the offer of judgment and the notice of service for the offer together as Exhibit A (ECF No. 24-1).

Rule 1.442 requires that an offer of judgment (1) be in writing; (2) name the party making the offer and the party to whom the offer is made; (3) state that the offer resolves all damages that would otherwise be awarded in a final judgment; (4) state with particularity all nonmonetary terms of the proposal; (5) state with particularity any relevant conditions; (6) state with particularity the amount offered to settle a claim for punitive damages, if any; and (7) state whether the offer includes attorney's fees. Fla. R. Civ. P. 1.44(c)(2).

Defendant's offer of judgment is in writing (ECF No. 24-1).  It identifies Defendant as offeror and Plaintiff as offeree (*id.* at 1), states that it resolves any and all claims in this action arising out of the alleged damage (*id*), and references the non-monetary terms of the proposal, including the disclaimer that no portion of the settlement amount relates to punitive damages (*id.* at 2).  The offer of judgment states, as a condition, that Plaintiff will dismiss the lawsuit with prejudice and execute Defendant's general release and settlement agreement (*id.*).  It also specifies the total monetary amount of the proposal to be $15,000.00 (*id.* at 1), and that it is inclusive of attorney's fees (*id.*).  Defendant satisfied all the criteria of Fla. Stat. § 768.79 and Rule 1.442.  Accordingly, I recommend awarding Defendant reasonable attorney's fees incurred since December 23, 2021—the date the offer of judgment was filed.

### b. Fee Award

In assessing the reasonableness of a request for attorney fees, both Florida law and Eleventh Circuit precedent apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151–52 (Fla. 1985)); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by

multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Defendant seeks $5,173.00 in fees for a total of 25 hours of attorney and paralegal time billed from the date Defendant filed the offer of judgment. In support, Defendant proffers the breakdown of the hours billed in timekeeping records, which delineates that Sean Rolland, Esq. spent 24.30 hours on the case billed at a rate of $210.00 per hour. The timekeeping records also seek .70 hours of paralegal time was spent on the case, billed at a rate of $100.00 per hour. (ECF Nos. 24; 24-1).

Defendant represents in the Motion that Sean Rolland, Esq. is an associate at his present firm. Mr. Rolland has been barred in Florida since September 29, 2014 and has worked on insurance litigation matters for the past four years. Given that Plaintiff has failed to respond to the Motion, and having reviewed counsel's itemized time entries, experience, and other comparable hourly rates, the undersigned finds $210 a reasonable hourly rate for Attorney Rolland. *See Norman*, 836 F.2d at 1299 ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.") (citation omitted); *see King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 11505154, at *4 (S.D. Fla. Sept. 29, 2010) (concluding that $180.00 per hour was a reasonable hourly rate for the services of the lead counsel who had approximately 8

years of experience practicing law). The paralegal rate of $100 is similarly reasonable for this market. *Eugene v. 3 Don & Partner Est. Grp., LLC*, No. 07-80439-CIV., 2009 WL 996016, at *5 (S.D. Fla. Apr. 14, 2009) (finding that $90.00 per hour was a reasonable rate for an experienced paralegal).

Notwithstanding the absence of meaningful objections by Plaintiff, I have reviewed the time records attached to Defendant's Motion and find the time generally was reasonable and necessary to the litigation, with two exceptions. On December 23, 2021, paralegal Balderson billed .2 hours for the preparation of the notice of proposal of settlement, and for the service of same. I find these events related to and did not follow service of the proposal and are thus not compensable in this award. Second, attorney Rolland incurred time (2.4 hours) updating his client on the litigation, which is generally a reasonable expense; however, the time incurred on January 6th and 7th to prepare an "Interim Report" pursuant to "Client Guidelines" may have been required by the client but is not necessary to the litigation. *See Celestine v. JPMorgan Chase Bank, N.A.*, No. 17-CV-20915, 2018 WL 6812675, at *6 (S.D. Fla. Oct. 24, 2018), *report and recommendation adopted*, No. 17-CV-20915-KMM, 2018 WL 6807290 (S.D. Fla. Nov. 13, 2018).

With those reductions, I recommend awarding $4,649.00 in attorney's fees.

### c. Non-Taxable Costs

The costs Defendant is entitled to under Florida's offer-of-judgment statute are "reasonable costs, including investigative expenses . . . calculated in accordance with the guidelines [the "Guidelines"] promulgated by the Supreme Court, incurred from the date the offer was served." § 768.79(6)(a), Fla. Stat. In the Motion, Defendant requests an award of $450.00 in costs paid for the Parties' mediation on February 3, 2022 (ECF No. 15).

The Guidelines, which are contained in Appendix II to the Florida Rules of Civil

Procedure, note that they "are advisory only" and that "[t]he taxation of costs in any particular proceeding is within the broad discretion of the trial court." Nonetheless, they indicate various litigation costs that "should" be taxed, others that "may" be taxed, and others that "should not" be taxed. The mediation cost sought falls in the "may" category. As Plaintiff has not responded to the Motion, and as the mediation expense is one which may be taxed under the Guidelines, I recommend that the Court award Defendant the $450.00 in mediation costs.

### III.   RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion be **GRANTED**, and that Defendant be awarded a total of $5,173.00 in reasonable attorneys' fees and $450.00 in mediation costs.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 27th day of July, 2022.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE